IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30428
Summary Calendar
_____


HARRY D. HOSKINS, III, Individually and as
representative of the class of Formosan termite
victims; MRS. HARRY D. HOSKINS, III,
Individually and as representative of the class
of Formosan termite victims,

                                      Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA; ET AL.,

                                      Defendants,

UNITED STATES OF AMERICA,

                                      Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
(00-CV-1713-C)
--------------------
November 21, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Mr. and Mrs. Hoskins ("Appellants") appeal the district court's summary judgment in favor of the government on their claims raised under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq. In reviewing a grant of summary judgment, we apply the same standard as does the district court. Deas v. River West, L.P., 152 F.3d 471, 475 (5th Cir. 1998).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellants argue that the district court erred in granting summary judgment before adequate discovery had been conducted. Appellants did not file a motion in the district court seeking a continuance on the summary-judgment hearing based on inadequate discovery. Therefore, there can be no such error on the part of the district court.

Appellants further argue that the district court erred in determining that their negligence-based claims were time barred. They contend that their claims did not accrue until they discovered that the government had caused the introduction of Formosan termites into the New Orleans area. The FTCA provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing. . . of notice of final denial of the claim by the agency to which it was presented." See 28 U.S.C. § 2401(b). Federal law determines when a claim "accrues" under the FTCA. Quinton v. United States, 304 F.2d 234, 235 (5th Cir. 1962). Appellants' accrual argument is premised on our pronouncement that "[T]he discovery rule [] should be applied in federal cases whenever a plaintiff is not aware of and has [had] no reasonable opportunity to discover the critical facts of his injury and its cause." DuBose v. Kansas City S. Ry. Co., 729 F.2d 1026, 1030 (5th Cir. 1984). DuBose, however, was a wrongful-death action involving an occupational disease and was brought under the Federal Employers' Liability Act, not the FTCA. 729 F.2d at 1028. We have

2

yet to hold that the "discovery rule" applies to an FTCA claim in a context similar to this case. Even if we had, however, the discovery rule would not apply unless Appellants could establish that they were unaware of, and had no reasonable opportunity to discover, the critical facts of their injury and its cause. See id. at 1030. This they could not do.

Appellants misconstrue the district court's ruling. That court did not determine that the publication of several newspaper articles on Formosan termites put the public, and thus Appellants, on "notice" that the United States caused their injuries. The district court was merely acknowledging that the alleged source of the injury was discoverable in the exercise of due diligence. Similarly, the court did not create an obligation for Formosan termite victims to seek out information at the public library. It was merely pointing out that Appellants had a reasonable opportunity to discover critical facts about the cause of their injuries but failed to do so. Appellants have not established that the district court erred in its determination that the critical facts were reasonably discoverable.

Appellants also argue that the district court erred in dismissing other claims of potential class members that allegedly arose prior to the enactment of the FTCA. The court concluded that even if there were potential plaintiffs who might have learned of Formosan termite damage prior to the FTCA's enactment, their claims would be subject to the two-year statute of limitations that

3

existed prior to the enactment of the FTCA, so those claims too would be time barred.

Appellants do not address the reasoning of the district court in this regard, much less make a coherent legal argument that the district court's ultimate conclusion of time bar was error. Thus, they have waived this argument on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). To the extent Appellants argue that the limitations period has not yet commenced because those other potential plaintiffs have yet to receive "public notice," we do not consider their argument because it was raised for the first time in their reply brief. See Taita Chem. Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 384 n.9 (5th Cir. 2001) (stating that the appellant could not preserve error on claims through a reply brief).

Appellants also have failed to raise on appeal, and have therefore waived review of, the district court's dismissal of Mrs. Hoskins's claims for failure to exhaust and the court's dismissal of Mr. Hoskins's claims grounded in intentional tort, strict liability, and breach of fiduciary duty. See Yohey, 985 F.2d at 224-25.

This appeal is without arguable merit and is thus frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). As such, it is DISMISSED. See 5TH CIR. R. 42.2.

4